**Dean A. KOERNER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 37280.**

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

William L. Voorhies, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This action was commenced by Dean A. Koerner for review by trial de novo in the circuit court of prior order issued by the Director of Revenue suspending Koerner's driving license pursuant to § 302.505, RSMo.Cum.Supp.1984. The trial court entered an order sustaining Koerner's motion to dismiss and the Director of Revenue appeals.

In his petition for trial de novo, Koerner alleged his driver's license had been suspended by the Director of Revenue because, after his arrest on January 27, 1985 for an intoxication related traffic offense, a test had disclosed his blood alcohol content to have been in excess of .13 percent. Koerner sought a trial on the suspension issues. Before trial was had, however, Koerner filed several pleadings including a Motion To Dismiss and an Amended Motion To Dismiss. The record on appeal does not permit a determination of the filing sequence of these motions, but the amended motion appears to have been the last filed.

The amended motion prayed that Koerner's license be returned and that the Director of Revenue "be prohibited from interfering with, suspending or revoking" Koerner's driving privileges. From the content of the motion, it is immediately apparent Koerner did not seek a dismissal as the motion caption read. Instead, Koerner sought to overturn the administrative order which upheld the suspension. The grounds set out in the motion as bases for this relief included constitutional challenges to the validity of the applicable statutes and to the administrative procedures employed by the Department of Revenue, an argument based on probable cause for arrest, an attack on the breathalyzer test and a claim of arbitrary and capricious state action.

As the next event in the case, the cause came on for hearing before the associate circuit judge. The Director of Revenue appeared by counsel and requested that the case be set for trial. Koerner's attorney called attention to his motion to dismiss

and asked "that the matter be dismissed." The court then announced that the motion would be sustained. The order later spread on the record stated: "Petitioner's Motion to Dismiss is hereby sustained and the Respondent, Paul S. McNeill, Jr., Missouri Director of Revenue, is ordered to reinstate Petitioner's driving privileges." No statement by the trial court of any ground for this judgment appears anywhere in this record.

As best the ill-contrived proceedings in this case may be interpreted, the motion presented by Koerner was for summary judgment, that is, he asserted he was entitled to reinstatement of his driving privileges as a matter of law. That relief, however, is available only if it be shown there is no genuine issue as to any material fact in the case. Rule 74.04(c). Here, Koerner's motion did not allege the absence of any issue of material fact, let alone demonstrate the uncontroverted facts by reference to the pleadings or other sources.

Under the provisions of § 302.535.1, RSMo.Cum.Supp.1984, the burden of initial proof in cases of driver's license suspension is on the state to adduce evidence. The precipitous ruling by the trial judge in this case sustaining Koerner's motion denied appellant the opportunity to produce evidence and to attempt to sustain the burden imposed by the statute. Without that evidence, or its equivalent by stipulation, there was no factual predicate on which the issues presented by the motion could be ruled. The trial court erred in sustaining the motion in these circumstances.

The judgment is reversed and the case is remanded for a new trial.

All concur.